UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

EDWARD LEE FILER, et al.

No. 19 CR 565

Judge Harry D. Leinenweber

**AMENDED PROTECTIVE ORDER
GOVERNING DISCOVERY**

Upon the agreed motion of the parties, pursuant to Fed. R. Crim. P. 16(d), it is hereby ORDERED:

1.      All of the materials provided by the United States or the defendants in preparation for, or in connection with, any stage of the proceedings in this case (collectively, "the materials") are subject to this protective order and may be used by the parties and the parties' counsel (defined as counsel of record in this case) solely in connection with the prosecution or defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

2.      Counsel shall not disclose the materials or their contents directly or indirectly to any person or entity other than persons employed to assist in the prosecution or defense of this case, persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure (collectively, "authorized persons"). Potential witnesses and their counsel may be shown copies of the materials as necessary to prepare the

prosecution or defense of this case, but may not retain copies without prior permission of the Court.

3.      Certain materials disclosed or to be disclosed by the parties contain particularly sensitive information, including financial or protected health information of one or more persons other than the party to whom the information is disclosed. If the sensitive nature of any one or more particular items is not apparent from the nature of the item itself, then the item(s) shall be plainly marked as "Confidential" and/or "Sensitive" by the producing party. No such materials, or the information contained therein, may be disclosed to any persons other than counsel of record for the United States, defendants, counsel for defendants, persons employed to assist the defense or prosecution of the case, or the person to whom the sensitive information solely and directly pertains, without prior notice to the producing party and authorization from the Court. Absent prior permission from the Court, sensitive information shall not be included in any public filing with the Court, and instead shall be submitted under seal (except in the case of a defendant who chooses to include in a public document sensitive information relating solely and directly to the defendant making the filing).

4.      Counsel for the United States, defendants, defendants' counsel, and authorized persons shall not copy or reproduce the materials except in order to provide copies of the materials for use in connection with this case. Such copies and reproductions shall be treated in the same manner as the original materials.

2

5.     Counsel for the United States, defendants, defendants' counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

6.     Before providing materials to an authorized person, counsel must provide the authorized person with a copy of this Order.

7.     Upon conclusion of all stages of this case, all of the materials and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered by the Court. The materials may be (1) destroyed; (2) returned to the producing party; or (3) retained in the United States' or defense counsel's case file. The Court may require a certification as to the disposition of any such materials. In the event that the materials are retained by counsel, the restrictions of this Order continue in effect for as long as the materials are so maintained, and the materials may not be disseminated or used in connection with any other matter without further order of the Court.

8.     To the extent any material is produced by mistake, the producing party shall have the right to request the return of the material and shall do so in writing. Within five days of the receipt of such a request, counsel for party that received the material shall return all such material if in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored.

9.     The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit the use of discovery materials in judicial proceedings in this case, except that any document filed by any party which attaches or otherwise discloses specially identified sensitive information as described in Paragraph 3, above, shall be filed under seal to the extent necessary to protect such information, absent prior permission from this Court.

10.     Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

ENTER:

_____

HARRY D. LEINENWEBER
District Court Judge
United States District Court
Northern District of Illinois

Date:  3/29/2021

4