# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen
United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

**CERTIFIED COPY**
A True Copy
Teste:
*[signature]*
Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

**ORDER**

January 19, 2025

Before
FRANK H. EASTERBROOK, *Circuit Judge*
DAVID F. HAMILTON, *Circuit Judge*
MICHAEL B. BRENNAN, *Circuit Judge*

| No. 25-1079 | UNITED STATES OF AMERICA, <br> Plaintiff - Appellee <br><br> v. <br><br> EDWARD L. FILER, <br> Defendant - Appellant |
|---|---|
| **Originating Case Information:** ||
| District Court No: 1:19-cr-00565-1 <br> Northern District of Illinois, Eastern Division <br> District Judge Steven C. Seeger ||

The following are before the court:

1. **GOVERNMENT'S EMERGENCY MOTION TO DISMISS INTERLOCUTORY APPEAL FOR LACK OF JURISDICTION**, filed on January 17, 2025, by counsel.

2. **APPELLANT EDWARD L. FILER'S OPPOSITION TO THE GOVERNMENT'S EMERGENCY MOTION TO DISMISS INTERLOCUTORY APPEAL FOR LACK OF JURISDICTION**, filed on January 18, 2025, by counsel.

Edward Filer moved to dismiss the indictment in this criminal case, asserting that the prosecutor engaged in misconduct that affected the grand jury's decision. The district court denied the motion, and Filer immediately appealed.

No. 25-1079                                                                                              Page 2

*Midland Asphalt Corp. v. United States*, 489 U.S. 794 (1989), holds that pretrial denial of a motion to dismiss an indictment is not an appealable order, because a defect in the process leading to indictment differs from the sort of "right not to be tried" that allows immediate appeal. Any cognizable error may be vindicated on appeal from the final decision in the prosecution.

Filer relies on a single sentence in *Midland Asphalt*, which said that "[o]nly a defect so fundamental that it causes the grand jury no longer to be a grand jury, or the indictment no longer to be an indictment, gives rise to the constitutional right not to be tried." *Id*. at 802. According to Filer, his situation fits that description. It does not. Filer does not contend that the foreman's signature on the indictment was forged, that a grand jury never voted to indict him, or anything similar. Instead he contests the process leading to a real indictment, just as the defendant did in *Midland Asphalt*. And just as the Supreme Court held in *Midland Asphalt*, that sort of argument does not permit an interlocutory appeal. Filer does not identify any decision in any circuit entertaining an interlocutory appeal based on a contention of prosecutorial misconduct before the grand jury.

The appeal is dismissed for want of jurisdiction. Our mandate will issue immediately, so that Filer's trial—set to begin on January 21—can proceed.

form name: **c7_Order_3J**     (form ID: **177**)